# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| JAMAAL JOHN THOMAS GARRETT, | ) ) ) | |
| Movant, | ) ) | |
| | ) | CV615-031 |
| v. | ) | CR613-011 |
| | ) | |
| UNITED STATES, | ) ) | |
| Respondent. | ) | |

## ORDER

Jamaal John Thomas Garrett appealed this Court's denial of his 28 U.S.C. § 2255 motion. Doc. 19.[1] It is untimely. Doc. 24 at 1. Nevertheless appellants can be granted a second chance through a Fed. R. App. P. 4(a)(6) reopen motion. To that end, the Eleventh Circuit has remanded for this Court to engage in Rule 4(a)(6) factfinding. *Id.* at 2 (copy attached). These standards must be applied:

> A party must file a notice of appeal within 30 days after the judgment or order being appealed is entered. Fed. R. App. P. 4(a)(1)(A). Ordinarily, a party's failure to timely appeal is fatal to his appeal because the timely filing of a notice of appeal is

---

[1] The Court is citing to the Civil Docket. All page numbers refer to the numbers applied by this Court's EM/ECF system, irrespective of the document's internal pagination.

1

mandatory and jurisdictional. *Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1326 (11th Cir. 1999). Although Federal Rule of Civil Procedure 77(d) requires the clerk of court to provide the parties notice of judgments and orders, lack of notice of the entry by the clerk does not affect the time to appeal or relieve, or authorize the court to relieve, a party for failure to appeal within the time allowed, except as provided in Rule 4(a) of the Federal Rules of Appellate Procedure. Fed. R. Civ. P. 77(d)(1), (2).

Pursuant to Rule 4(a)(6), the *district court* may reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. Fed. R. App. P. 4(a)(6). First, the court must find that the moving party did not receive notice within 21 days of the entry of the order or judgment that it seeks to appeal. *Id.* 4(a)(6)(A). Second, the party must move to reopen the appeal period within 180 days after the order or judgment is entered *or within 14 days after receiving notice of the entry*, whichever is earlier. *Id.* 4(a)(6)(B). Third, the court must find that no party would be prejudiced if the window to appeal were reopened. *Id.* 4(a)(6)(C).

*Holsey v. Warden*, 613 F. App'x 913, 914 (11th Cir. 2015) (emphasis added).

This Court entered its judgment against Garrett on August 9, 2016. Doc. 17. Garrett's Notice of Appeal is postmarked October 17, 2016 (69 days later) -- well past the 30-day limit. "However," the appeals court notes, "Mr. Garrett suggests in his notice of appeal that he did not receive any notice about his case from the district court until September 15[, 2016]." Doc. 24 at 1. If that "notice" included a copy of this Court's judgment, then it would be undisputed that 32 days elapsed between

2

September 15, 2016 and his October 17, 2016, Notice of Appeal. Doc. 19 at 3. That's more than "within 14 days after receiving notice of the entry," the applicable Rule 4(a)(6)(B) time limit.

Yet, Garrett never did say when he received a copy of this Court's judgment, nor when he placed his Notice of Appeal in his prison's mail system -- the point at which inmates are ordinarily deemed to have filed something with the courts. *See, e.g., Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").

The Eleventh Circuit decided to "treat his notice of appeal as a motion for reopening of time to appeal, pursuant to [Fed. R. App. P. 4(a)(6)]."[2] Doc. 24 at 2. It thus wants to know precisely when Garrett

---

[2] The rule, in its entirety:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under

3

heard from this Court -- whether its communication to him "included [this Court's] judgment, or whether it consisted solely of the magistrate judge's report and recommendation recommending the denial of Mr. Garrett's § 2255 motion. *Id.* at 1-2. "Certainly," that court concluded, "the record shows that court mail was undeliverable to Mr. Garrett for a time." Doc. 24 at 1-2. So, for Rule 4(a)(6) determination (hence, reopen) purposes, that court wants this Court to "determine whether Mr. Garrett filed his notice of appeal within 14 days of receiving notice of the judgment, if he did receive such notice." *Id.* at 2. That court will then determine the Rule 4(a)(6) issue. *Id.*

One point the Eleventh Circuit perhaps overlooked: Garrett was obligated, but failed, to keep this Court appraised of his address. *See* S.D. GA. L. CIV. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to appraise the Court of any address change.");

---

Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)); *see, e.g., Jackson v. Deloach*, 2016 WL 6902405 at * 4 (S.D. Ga. Nov. 22, 2016) (this Court made that determination).

Yet, the Eleventh Circuit has elected to perform that task: "[W]e treat his notice of appeal as a motion for reopening of time to appeal, pursuant to [Fed. R. App. P. 4(a)(6)]." Doc. 24 at 2; *see also id.* (directing this Court to find facts and then "return the record as supplemented to this Court for further proceedings.").

4

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of the court . . . ."); *see also* doc. 13 (copy of Report and Recommendation (R&R) mailed to Garrett returned as undeliverable); doc. 16 (copy of order adopting R&R returned as undeliverable).

Without a valid address, this Court's Clerk had nowhere to send this Court's August 9, 2016 judgment. *See* doc. 17 and August 9, 2016 "Staff notes." On September 12, 2016 -- beyond the 30-day appeal period noted above -- Garrett updated his address. Doc. 18. The Clerk sent him copies of the R&R, the adoption Order, and *Judgment* on that same day. *See* September 12, 2016 "Staff notes." On October 20, 2016, the Court received Garrett's Notice of Appeal, which states that he did not receive a copy of the R&R until September 15, 2016. Doc. 19 at 1. The Notice was not dated, but the envelope Garrett used bears an October 17, 2016 postmark. *Id.* at 3.

Again, the Eleventh Circuit wants information to help it determine whether Garrett filed his notice of appeal "within 14 days after receiving notice . . . of the entry" of this Court's judgment. Rule 4(a)(6); doc. 24 at 2. It evidently wants to nail down: (a) the date on which Garrett actually

received this Court's judgment; and (b) the day Garrett placed his appeal notice (doc. 19) in his prison's mail system. This Court tentatively finds that Garrett received notice of this Court's adverse judgment on September 15, 2016. That's the very date that he says he received it, which is three days after this Court mailed it to him using First Class mail.

But that, in turn, leads to the next question: Did Garrett "prison-mail-file" his notice of appeal within Rule 4(a)(6)'s 14-day limit? As noted, he did not date his notice, much less certify in writing when he placed it in his prison's mail system. So, the Court will send him a "Mingo Statement"[3] to nail that down. Still, the Eleventh Circuit may want to reconsider its objective here. As discussed above, "[t]his Court's Local Rule 11.1 states that a '*pro se* litigant has a continuing obligation to apprise the Court of any address change.'" *Jackson*, 2016 WL 6902405

---

[3] *See Mingo v. United States*, 2014 WL 5393575 (S.D. Ga. Oct. 23, 2014) (sending movant, Mingo, a special 28 U.S.C. § 1746 Declaration form for him to "affirm or rebut" his appointed lawyer's assertions on his claim that counsel ignored his directive to file an appeal); *see also Watson v. United States*, 2016 WL 3581938 at * 2 (S.D. Ga. June 27, 2016) (Mingo statement sent to 28 U.S.C. § 2255 movant, suspected of date-manipulation to defeat 2255(f)(1)'s one-year limitations period, so he could declare -- under penalty of perjury -- "the exact date on which he claims to have mailed his § 2255 motion."); *Watson v. United States*, 2016 WL 5723697 at * 1 (S.D. Ga. Aug. 10, 2016) (rejecting his Mingo Statement explanation and advising dismissal), *adopted*, 2016 WL 5723673 (S.D. Ga. Sept. 29, 2016).

at *4. This Court denied similar relief in *Jackson* because the inmate failed to keep the Court informed of his address per Local Rule 11.1. A separate order additionally reminded Jackson of that requirement, while no such order exists here. Yet, this Court routinely dismisses entire cases for Rule 11.1 violations, and there is no principled distinction constraining a different result here.

In any event, Garrett must firm up two dates suggested but not definitively established by the record: (1) the date he received a copy of the judgment (the Court has tentatively found this, but Garrett must confirm or deny it and, if he denies it, state the actual date in writing); and (2) the date he placed his Notice of Appeal into his prison's mailing system. Given the ease with which a convicted criminal can simply lie about such things, it is worth reminding him that

> lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion, was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL

7

2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC,* 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012).

*Mingo v. United States*, 2014 WL 4926278 at * 1 n. 3 (S.D. Ga. Oct. 1, 2014).

Within 21 days of the date this Order is served, Garrett shall complete and place within his prison's mail system the attached "Mingo Statement," on which he shall state, under a 28 U.S.C. § 1746 Declaration: (1) the date on which he claims to have received notice of the August 9, 2016 judgment; and (2) the date on which he placed his Notice of Appeal in his prison's mail system.

**SO ORDERED**, this 2nd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JAMAAL JOHN THOMAS GARRETT | ) ) ) | CV615-031 |
| v. | ) ) ) | CR613-011 |
| UNITED STATES OF AMERICA | ) | |

## Declaration of Jamaal John Thomas Garrett

1. Admit, by placing an "X" in the space provided below, that you received a copy of the Court's judgment on September 15, 2016. If you deny that you received a copy of the Court's judgment on that date, indicate your denial by placing an "X" in the space provided.

   Admitted _____                            Denied _____

2. If you denied that you received a copy of the Court's judgment on September 15, 2016, state the date on which you received it.

   _____

3. Admit, by placing an "X" in the space provided below, that you placed a copy of your Notice of Appeal into your prison's mailing system on October 17, 2016 (the date that it was mailed). If you deny that you placed your Notice of Appeal into your prison's mailing system on that date, indicate your denial by placing an "X" in the space provided.

   Admitted _____                            Denied _____

4. If you denied that you placed your Notice of Appeal into your prison's mailing system on October 17, 2016, state that date on which you placed that document into your prison's mailing system.

_____

**This document was placed in my prison's mailing system on _____, 2017.**

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the forgoing is true and correct. Executed on _____ _____.**

_____
Jamaal John Thomas Garrett

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-16709-A

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 27 2017

David J. Smith
Clerk

JAMAAL JOHN THOMAS GARRETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeals from the United States District Court
for the Southern District of Georgia

Before: MARTIN and JILL PRYOR, Circuit Judges.

BY THE COURT:

This appeal is REMANDED to the district court for the limited purpose of determining whether Petitioner-Appellant Jamaal John Thomas Garrett is entitled to a reopening of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

Mr. Garrett appeals from the district court's judgment denying his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. Mr. Garrett's notice of appeal, which he did not date but which was mailed to the district court on October 17, 2016, was untimely on its face to appeal from the district court's August 9, 2016 judgment. *See* Fed. R. App. P. 4(a)(1)(B) & (c)(1). However, Mr. Garrett suggests in his notice of appeal that he did not receive any notice about his case from the district court until September 15. It is unclear whether that notice, when he did receive it, included the judgment, or whether it consisted solely of the magistrate judge's report

and recommendation recommending the denial of Mr. Garrett's § 2255 motion. Certainly, the record shows that court mail was undeliverable to Mr. Garrett for a time.

In any event, because Mr. Garrett asserts in his notice of appeal that he did not receive any notice from the court until more than 21 days after judgment was entered, we treat his notice of appeal as a motion for reopening of time to appeal, pursuant to Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997). Accordingly, on remand, the district court should determine whether Mr. Garrett filed his notice of appeal within 14 days of receiving notice of the judgment, if he did indeed receive such notice. After it concludes the determination pursuant to this limited remand, the district court shall return the record as so supplemented to this Court for further proceedings. The briefing schedule shall be STAYED until the jurisdictional determination is complete.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 27, 2017

Scott L. Poff
U.S. District Court
125 BULL ST
PO BOX 8286
SAVANNAH, GA 31402

Appeal Number: 16-16709-A
Case Style: Jamaal Garrett v. USA
District Court Docket No: 6:15-cv-00031-LGW-GRS
Secondary Case Number: 6:13-cr-00011-LGW-GRS-1

LIMITED REMAND

Enclosed is a copy of an order remanding the referenced appeal for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This case will be held in abeyance and monitored in the Eleventh Circuit pending disposition of remand proceedings in your court.

Upon completion of remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Denise E. O'Guin, A
Phone #: (404) 335-6188

CLK-3 DC Letter with Ltd Remand order