UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JAMAAL JOHN THOMAS GARRETT, | ) ) ) | |
| Movant, | ) ) | CV615-031 |
| v. | ) ) ) | CR613-011 |
| UNITED STATES, | ) ) | |
| Respondent. | ) | |

## ORDER

On limited remand, doc. 24,[1] this Court must find facts so the Eleventh Circuit can determine whether 28 U.S.C. § 2255 movant Jamaal John Thomas Garrett is entitled to reopen, per Fed. R. App. P. 4(a)(6), his otherwise untimely appeal from this Court's August 9, 2016 judgment against him.[2] Appellants who miss Fed. R. App. P. 4(a)(1)(A)'s

---

[1] The Court is citing to the Civil Docket. All page numbers refer to the numbers applied by this Court's EM/ECF system, irrespective of the document's internal pagination.

[2] This Court issued a Report and Recommendation to deny Garrett § 2255 relief. *Garrett v. United States*, 2016 WL 1296183 (S.D. Ga. Mar. 30, 2016). The district judge adopted it on April 27, 2016, *Garrett v. United States*, 2016 WL 1704170 (S.D. Ga. Apr. 27, 2016), but did not enter its judgment until August 9, 2016. Doc. 17. Garrett's Notice of Appeal did not show up at this Court's Clerk's office until October 20, 2016, and it bears no date next to his signature. Doc. 19 at 1, 2.

1

30-day deadline to appeal can be granted a second chance under Rule 4(a)(6), but only under these conditions:

> First, the court must find that the moving party did not receive notice within 21 days of the entry of the order or judgment that it seeks to appeal. *Id.* 4(a)(6)(A). Second, the party must move to reopen the appeal period within 180 days after the order or judgment is entered *or within 14 days after receiving notice of the entry, whichever is earlier*. *Id.* 4(a)(6)(B). Third, the court must find that no party would be prejudiced if the window to appeal were reopened. *Id.* 4(a)(6)(C).

*Holsey v. Warden*, 613 F. App'x 913, 914 (11th Cir. 2015) (emphasis added); doc. 25 at 1-2.

This Court entered its judgment against Garrett on August 9, 2016. Doc. 17. Garrett's Notice of Appeal is postmarked October 17, 2016 (69 days later) -- well past the 30-day limit. Doc. 19 at 3. "However," the appeals court notes, "Mr. Garrett suggests in his notice of appeal that he did not receive any notice about his case from the district court until September 15[, 2016]." Doc. 24 at 1. If that "notice" included a copy of this Court's judgment, then it would be undisputed that 32 days elapsed between September 15, 2016 and his October 17, 2016 post-marked Notice of Appeal. Doc. 19 at 3. That's more than "within 14 days after receiving notice of the entry," the applicable Rule 4(a)(6)(B) time limit, thus knocking Garrett out of Rule 4(a)(6)'s "second chance" zone.

2

So, the pivotal question is: When did Garrett receive a copy of this Court's judgment? Since he never did say, the Court asked him and directed him to respond with a "Mingo Statement." Doc. 25 at 6-8. In his response he represents that he received a copy of this Court's judgment on September 15, 2016. Doc. 26 at 1. Accordingly, the Court finds that he did not receive notice within 21 days of the entry of the order or judgment that he seeks to appeal. Rule 4(a)(6)(A).

That takes him to *Holsey*'s next step: Whether he moved to reopen the appeal period within 180 days after the order or judgment was entered *or* "within 14 days after receiving notice of the entry, *whichever is earlier*." Rule 4(a)(6)(B) (emphasis added). Since Garrett says he received a copy of the judgment on September 15, 2016, he had to place his Notice of Appeal in his prison's mail by September 29, 2016 -- 14 days later. He admits he did not do so until October 9, 2016. Doc. 26 at 2. That 24-day period (September 15, 2016 - October 9, 2016) takes him beyond the Rule 4(a)(6)(B)'s 14-day deadline. The Court so finds.

The Clerk is **DIRECTED** to ensure that the Eleventh Circuit receives prompt notice of this ruling.

**SO ORDERED, this 3rd day of March, 2017.**

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA